IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Leonard Nyamusevya, | : | |
| Plaintiff | : | Civil Action 2:13-cv-0927 |
| v. | : | Judge Graham |
| Citimortgage, Inc., *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Initial Screening Report and Recommendation

Plaintiff Leonard Nyamusevya brings this action arising out of a state court foreclosure action. Plaintiff seeks to litigate claims that were or could have been litigated in the foreclosure action. Plaintiffs' motions to proceed without prepayment of fees and costs are GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.  1997).  The Magistrate Judge finds that the complaint is barred by *res judicata.* Alternatively, the complaint fails to state claims for relief against defendants Thomas L. Henderson, Elizabeth Carrullo, Lerner, Sampson & Rothfuss Law Firm, and Consolata Nkurunziza. Finally, defendant Judge Charles A. Schneider is immune from suit because the claims

against him arise out of his decision in the state court foreclosure action. Accordingly, the Magistrate Judge recommends dismissal of the complaint.

The complaint alleges that on September 14, 2010 defendant Citimortgage, Inc. filed a foreclosure action against defendant plaintiff Leonard Nyamusevya, the owner of residential real estate located at 2064 Worcester Court, Columbus, Ohio 43232. On October 14, 2010, Nyamusevya filed an answer and counterclaim. The counterclaim pleaded claims for negligence, wanton and reckless conduct, conversion, violation of the Consumer Sales Practices Act, and emotional distress. On July 10, 2013, Franklin County Common Pleas Court Judge Charles A. Schneider granted Citimortgage's motion for summary judgment on the note and mortgage. He held that Nyamusevya owes $98,452.56 on the note with interest at the rate of 6.25% per year from May 1, 2010 and that he is in default on the note.

Nyamusevya's federal complaint pleads claims for recoupment and set-off; to quiet title; RESPA violations; breach of contract; failure to investigate claims; promissory fraud; professional code violations; fraud and forgery; violations of the FDCPA; violations of civil RICO; and claims under 42 U.S.C. §§ 1981, 192, 1983, 1985 and 1986.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705

F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 127 S.Ct. 2197 (June 4, 2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Moreover, *pro se* prisoner complaints must be liberally construed. *Erickson v. Pardus*, above; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Analysis. The only defendant against who any actionable claims are pleaded Defendants Henderson, Carrullo, and Lenrner, Sampson & Rothfull Law Firm merely represented Citimortgage in the foreclosure action. Consolata Nkurunziza was Nyamusevya's wife. She signed the promissory note but did not engage in any actionable conduct that harmed Nyamusevya. Judge Schneider is the trial judge in the case. A judge performing judicial duties is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Judges are immune from suit even if they act erroneously, corruptly or in excess of their jurisdiction. *Mireles*, 502 U.S. at 11; *Barnes*, 105 F.3d at 1115-16. Consequently, Judge Schneider is immune from suit.

As to the claims against Citimortgage, they have been adjudicate or could have

been adjudicated in the foreclosure suit. The granted Citimortgage's motion for summary judgment, but that case was removed to this court, apparently before judgment was entered. A magistrate judge has recommended dismissal of the foreclosure action as improvidently removed from the common pleas court. *Citimortgage, Inc. v. Nyamusevya*, 2:13-cv-0680, July 17, 2013 Report and Recommendation, Doc. 5. Any claims Nyamusevya has against Citimortgage should be litigated in the common pleas court foreclosure action.

    Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to state a claim against any defendant but Citimortgage, Inc. All claims age Citimortgage, Inc. were or should have been litigated in the state court foreclosure action. Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

    IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

    If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel
United States Magistrate Judge
