IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Leonard Nyamusevya,

        Plaintiff,                                  Case No. 2:13-cv-927

       v.                                      Judge Graham

CitiMortgage, Inc., et al.,

                                             Magistrate Judge Abel

        Defendants.

Opinion and Order

       This is a *pro* se action arising out of a foreclosure suit filed in the Franklin County Court of Common Pleas by CitiMortgage, Inc., against Leonard Nyamusevya, the plaintiff in the instant case. In this federal action, plaintiff has asserted claims against CitiMortgage, the holder of the mortgage on his residence; Consolata Nkurunziza, plaintiff's former wife; Lerner, Sampson & Rothfuss Law Firm, the law firm that represented CitiMortgage in the foreclosure action; Thomas L. Henderson and Elizabeth Carrullo, attorneys associated with Lerner, Sampson & Rothfuss; and Charles A. Schneider, the judge who presided over the state foreclosure action. Plaintiff's complaint pleads claims for recoupment and set-off; to quiet title; RESPA violations; breach of contract; failure to investigate; promissory estoppel; professional code violations; fraud; violations of the FDCPA; violations of civil RICO; and claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986.

       The magistrate judge issued an initial screening report and recommendation on October 2, 2013 recommending that all of the claims be dismissed. The court adopted the magistrate judge's recommendations with respect to the claims against Consolata Nkurunziza, the law firm defendants, and Judge Schneider. See Feb. 4, 2014 Order at p. 4 (holding that the complaint failed to allege any actionable conduct by Nkurunziza, that the law firm defendants were alleged to have merely represented CitiMortgage in the state foreclosure action, and that the claims against Judge Schneider were barred by the doctrine of judicial immunity). However, with respect to the claims against CitiMortgage, the Court did not adopt the magistrate judge's recommendation that the claims were barred by res judicata. The Court found that the doctrine of res judicata did not apply because a

1

final judgment had not been entered in the foreclosure action. This matter is now before the Court on numerous matters, addressed in turn below.

Plaintiff's Motion for An Extension of Time. Plaintiff moved for an extension of time to file a motion for reconsideration of the February 4, 2014 Order. Because plaintiff ultimately was able to timely file his motion for reconsideration and to submit a 68-page brief in support, plaintiff's motion for an extension (doc. 18) is DENIED AS MOOT.

Plaintiff's Motion for Reconsideration. Plaintiff moves for reconsideration of the Court's February 4, 2014 Order on the grounds that CitiMortgage does not hold the mortgage note and lacked standing to initiate foreclosure proceedings. Plaintiff appears to incorrectly believe that the Order dismissed his claims against CitiMortgage, when in fact the Order declined to adopt the recommendation to dismiss those claims. Accordingly, the motion for reconsideration will be denied as it concerns the claims against CitiMortgage.

As it concerns the other defendants, plaintiff's motion simply reiterates his prior arguments that the Court considered and rejected in the February 4, 2014 Order. This is insufficient to support a motion for reconsideration. See Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed.Appx. 949, 959 (6th Cir. 2004). The only new matter that plaintiff raises is that Consolata Nkurunziza is his ex-wife, and not his current wife, as the Order stated. According to plaintiff, the fact that he is no longer married removes any possible impediment to him pursuing his quiet title action against CitiMortgage. However, the Court finds that plaintiff still has failed to demonstrate that he has alleged any actionable conduct committed by Nkurunziza. Thus, plaintiff's motion for reconsideration (doc. 20) is DENIED in its entirety.

Defendants' Motion to Strike. Plaintiff filed on the Court's docket an amended complaint (doc. 30) that was untimely, see Fed. R. Civ. P. 15(a), and without the Court's leave. Defendants have moved to strike the amended complaint under Fed. R. Civ. P. 12(f). Defendants' motion to strike (doc. 31) is GRANTED, and the Court will treat the document as a proposed amended complaint, as discussed below.

Plaintiff's Objection to the Magistrate Judge's February 19, 2014 Order. The magistrate judge denied plaintiff's motion for leave to amend his complaint because plaintiff did not provide a

2

copy of his proposed amended complaint and because the motion consisted of objections to a prior order. Plaintiff has filed objections to the magistrate judge's order and renewed his request to file an amended complaint.

Rather than point to any alleged error by the magistrate judge, see 28 U.S.C. § 636(b), plaintiff contends that health issues prevented him from preparing an amended complaint. He has now filed a document (doc. 30) that the Court will treat as a proposed amended complaint. The Court finds, however, that leave to amend must be denied because the proposed amendments are plainly futile. See Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000). The amendments concerning Judge Schneider do not overcome the bar of judicial immunity. The amendments concerning CitiMortgage not being a "real party in interest" to the foreclosure do not add substantively to the allegations already made in the original complaint. Thus, plaintiff's objections to the February, 19, 2014 Order and his motion for leave to file an amended complaint (doc. 21) are DENIED.

Plaintiff's Motion to Stay State Court Foreclosure Proceedings. Plaintiff moves the Court to issue a stay of the state court foreclosure proceedings. This motion must be denied. Not only has plaintiff failed to offer a basis for the Court to take such an extraordinary measure (plaintiff merely argues that the foreclosure action should be dismissed because CitiMortgage lacks standing to pursue it), but the motion is also moot, as the state court has entered final judgment in favor of CitiMortgage. Thus, plaintiff's motion to stay the state court foreclosure proceedings (doc. 24) is DENIED.

CitiMortgage's Motion for Leave to Supplement Its Motion to Dismiss. CitiMortgage has moved for leave to supplement its motion to dismiss in order to update its briefing to reflect events that have occurred in the state court foreclosure proceeding. The motion to supplement (doc. 33) is GRANTED.

CitiMortgage's Motion to Dismiss. CitiMortgage has moved to dismiss the claims against it under Rule 12(b)(6). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

3

556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, at 678.  A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 556 n.3.

CitiMortgage argues that the claims are barred by res judicata.  In its February 4, 2014 Order, the Court held that res judicata did not apply at that time because a final judgment had not been entered in the state court foreclosure proceedings.  However, on May 20, 2014, the state court entered a final judgment and decree in foreclosure in favor of CitiMortgage.

Under the issue preclusion branch of res judicata, "parties or their privies are prevented from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit." Thompson v. Wing, 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 923 (Ohio 1994).  Issue preclusion applies when: (1) the party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) the precise issue was actually litigated in the prior proceeding; and (4) the issue was determined by a court of competent jurisdiction and was necessary to the outcome. Id.; Balboa Ins. Co. v. S.S.D. Distrib. Sys., Inc., 109 Ohio App.3d 523, 527-28, 672 N.E.2d 718, 721 (Ohio Ct. App. 1996).

Now that final judgment has been entered in the foreclosure proceedings, the elements of issue preclusion are easily satisfied here.  Plaintiff and CitiMortgage were both parties to the foreclosure proceeding.  Plaintiff's complaint here alleges that CitiMortgage does not have a valid interest in the mortgage or promissory note concerning plaintiff's property and had no right to bring foreclosure proceedings against him.  As presented in the complaint, plaintiff's claims are largely based on the allegation that CitiMortgage has no interest in the mortgage or note.  This issue was

4

litigated and determined on the merits by the state court.  The state court, in granting summary judgment to CitiMortgage, reviewed the mortgage-related records and accompanying affidavits and concluded that "the endorsements on the note, the assignment of mortgage, and the corporate merger documents establish that Citi is entitled to enforce the note and mortgage.  The evidence established that he [Nyamusevya] is in default and the amount he owes."  July 10, 2013 Order at p. 9 in CitiMortgage, Inc. v. Nyamusevya, No. 10-CVE-13480 (Franklin Cnty. Ct. C.P).  Thus, this Court concludes that plaintiff's claims predominantly are barred by issue preclusion.

To the extent that the complaint asserts claims that survive issue preclusion, the Court finds that any remaining claims are barred by the claim preclusion branch of res judicata.  A final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit.  Grava v. Parkman Township, 73 Ohio St.3d 379, 382, 653 N.E.2d 226, 228-29 (Ohio 1995).  Plaintiff's claims for breach of contract, promissory estoppel and fraud constitute defenses to the claim in the foreclosure action that plaintiff was in default.  These claims should have been raised in the prior action.  Other of plaintiff's claims could have been raised in the foreclosure action, given that they relate to the mortgage transaction and ensuing events.  See Chapman v. PNC Bank, N.A., No. 1:11-cv-2229, 2012 WL 163040, at *4 (N.D. Ohio Jan. 18, 2012) (federal suit brought by mortgagor following state foreclosure action was barred by claim preclusion because claims, even if not defenses to the foreclosure suit, could have been filed as counterclaims).

Conclusion.  Plaintiff's various motions are DENIED.  CitiMortgage's motions to dismiss (doc. 19), to strike, and for leave to supplement are GRANTED, and this action is hereby dismissed.


Date: August 7, 2014                             s/James L. Graham
                                                                  James L. Graham
                                                                  United States District Judge